RP

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Philcarlo D'Marcone, et al., | ) | No. CV-05-3698-PHX-DGC (CRP) |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Corrections Corporation of America, et al., | ) | |
| Defendants. | ) | |

Plaintiff Philcarlo D'Marcone (Plaintiff), presently confined in the Stiner Unit of the Arizona State Prison Complex - Lewis in Buckeye, Arizona (ASPC-Lewis), and Plaintiff Chester Wayne Jacobs, presently confined in the Diamondback Correctional Facility in Watonga, Oklahoma (DCF-Watonga), filed with the Clerk of the Court on November 15, 2005 a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983.[1]  Plaintiffs have not paid the $250 filing fee or filed a certified "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" with the Complaint.

---

[1] When Plaintiff Philcarlo D'Marcone filed the Complaint, he was confined in DCF-Watonga.

- 1 -

## COMPLAINT

Plaintiffs allege three grounds for relief: 1) that Defendants violated "Article 5 USC 1338, Placing Life Or Limb In Direct Threat Or Potential Threat[] By Security Leaks, False Information, Inadequate Security Staff;" 2) that Defendants subjected Plaintiffs to an "Institutional Breach of Security Facing Threat to Life or Limb by Negl[i]gence Pursuant to 28 USC 1443 C, D, E & G;" and 3) Defendants violated "18 USC 1691 c. 645, 62 Statute. 776 Postal Mail & Money Orders. Chapter 83 FRAP And Following Statutes.1696, 1697, 1698, 1699, 1701 and 1702." (Complaint at 4-6).

Named as Defendants in the Complaint are: (1) Corrections Corporation of America, owners of DCF-Watonga; (2) Lane Blair, Warden at DCF-Watonga; (3) Anastacio Perez, Assistant Warden Security at DCF-Watonga; and (4) Aderanne Grant, Correctional Officer Sergeant at DCF-Watonga. (Complaint at 1-2).

Plaintiffs seeks imposition of fines, money damages, payment of court fees, and an investigation by the United States Attorney's Office in Oklahoma City, Oklahoma. (Complaint at 7).

## IMPROPER VENUE

Venue for actions not based solely on diversity of citizenship is determined by 28 U.S.C. § 1391(b) which states:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought **only** in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

(Emphasis added.)

Here, all of the Defendants, with the possible exception of the Corrections

1  Corporation of America,[2] reside in Oklahoma, and it is clear that none of the Defendants
2  named in Plaintiffs' Complaint reside in Arizona. It also appears that all of the events or
3  omissions giving rise to the claims in the Complaint occurred in Oklahoma, not in Arizona.
4  Accordingly, venue is not proper in the United States District Court for the District of
5  Arizona.

6  Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is
7  filed a case laying venue in the wrong division or district shall dismiss, or if it be in the
8  interest of justice, transfer such case to any district or division in which it could have been
9  brought." Because most, if not all, of the Defendants reside in Oklahoma, and because all
10 of the events or omissions giving rise to the claims in the Complaint occurred in Oklahoma,
11 this action could have been brought in the United States District Court for the Western
12 District of Oklahoma. The Court finds that a transfer to the United States District Court for
13 the Western District of Oklahoma is in the interest of justice. Accordingly, this action will
14 be transferred to the United States District Court for the Western District of Oklahoma.[3]

15 **IT IS THEREFORE ORDERED** that the Clerk is DIRECTED to TRANSFER this
16 action to the United States District Court for the Western District of Oklahoma pursuant
17 to 28 U.S.C. § 1406(a).

18 DATED this 26th day of January, 2006.

David G. Campbell
United States District Judge

---

[2] According to its website, http://www.correctionscorp.com, the Corrections Corporation of America is incorporated under the laws of Maryland and has its headquarters in Tennessee.

[3] Because this action is being transferred to another district, the Court will not address Plaintiffs' failure to pay the $250 filing fee or file an Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas). The Court will also not address Plaintiff Philcarlo D'Marcone's letter (Document #3) addressed to Mr. Richard Weare, District Court Executive, which was filed on December 9, 2005.